UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

HELENE OLSSON,

Case No.    10-11829

Chapter 11

_____ Debtor.   /

## DEBTOR'S AMENDED PLAN OF REORGANIZATION, DATED DECEMBER 28, 2010

### ARTICLE I
### SUMMARY

This Plan of Reorganization (the "Plan") under chapter 11 of the Bankruptcy Code (the "Code") proposes to pay creditors of **Helene Olsson** (the "Debtor") from future income derived from the Debtor's operations.

This Plan provides for four classes. The first class is priority claims, if any, the second class is secured claims treated by consensual cram down, the third class is secured claims crammed down as part of the confirmation process, and the fourth class is the general unsecured creditors holding allowed claims will receive distributions, which the proponent of this Plan has valued at approximately 3%. This Plan also provides for the payment of administrative claims including the payment over time of administrative attorneys fees of the Debtor's counsel.

All creditors should refer to Articles III through VI of this Plan for information regarding the precise treatment of their claim. A disclosure statement that provides more detailed information regarding this Plan and the rights of creditors has been circulated with this Plan. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

### ARTICLE II
### CLASSIFICATION OF CLAIMS AND INTERESTS

| | | |
|---|---|---|
| 2.01 | Class 1. | Priority Claims |
| 2.02 | Class 2(A-I). | Secured Creditors (Consensual Cram Down) |
| 2.03 | Class 3. | Secured Creditors (Other Cram Down) |
| 2.03 | Class 4. | General Unsecured Creditors |

## ARTICLE III
## TREATMENT OF ADMINISTRATIVE EXPENSE CLAIMS, U.S. TRUSTEES FEES, AND PRIORITY TAX CLAIMS

3.01   Unclassified Claims. Under section §1123(a)(1), administrative expense claims and priority tax claims, if any, are not in classes. These claims will be paid in full by month 20 of the Plan.

3.02   Administrative Expense Claims. Each holder of an administrative expense claim allowed under §503 of the Code, which shall include 100% of the allowed fees and costs approved by this court in favor of Shapiro, Blasi, Wasserman & Gora, P.A., will be paid 100% of its pro-rata share of the scheduled plan payment (such share being based solely against other administrative or priority tax claims only) starting on the effective date of this Plan (as defined in Article VII), or upon such other terms as may be agreed upon by the holder of the claim and the Debtor.

3.03   Priority Tax Claims. Each holder of a priority tax claim, if any, will be paid 100% of its pro-rata share of the scheduled plan payment (such share being based solely against other administrative or priority tax claims only) starting on the effective date of this Plan (as defined in Article VII), but in no event will its total allowed claim be paid in more than five (5) years from the date of the order for relief herein.

3.04   United States Trustee Fees. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

3.05   The debtor shall pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. Section 1930(a)(6) within ten (10) days of the entry of this order for pre-confirmation periods and simultaneously provide to the United States Trustee an appropriate affidavit indicating the cash disbursements for the relevant period. The reorganized debtor shall further pay the United States Trustee the appropriate sum required pursuant to 28 U.S.C. § 1930(a)(6) based upon all disbursements of the reorganized debtor for post-confirmation periods within the time period set forth in 28 U.S.C. § 1930(a)(6), until the earlier of the closing of this case by the issuance of a Final Decree by the Court, or upon the entry of an Order by this Court dismissing this case or converting this case to another chapter under the United States Bankruptcy Code, and the party responsible for paying the post-confirmation United States Trustee fees shall provide to the United States Trustee upon the payment of each post-confirmation payment an appropriate affidavit indicating all the cash disbursements for the relevant period.

## ARTICLE IV
## TREATMENT OF CLAIMS AND INTERESTS UNDER THE PLAN

4.01 Claims and interests shall be treated as follows under this Plan:

### Class 1 — Administrative Claims

**Each holder of an Allowed Priority Claim against any of the Debtors shall be an impaired under the Plan and, pursuant to section 1124 of the Bankruptcy Code, all legal, equitable, and contractual rights of each holder of an Allowed Priority Claim in respect of such Claim shall be fully reinstated and retained, and such holder of an Allowed Priority Claim shall be paid in accordance with the Disclosure Statement or on its due date (whichever is later in time) in full and in cash.**

### Class 2 A - I Secured Creditors (Consensual Cram Down)

Class 2 A-I consists of a secured claims by consensual cram downs. The regular payments are budgeted in Schedules I and J of the Petition and are not part of the monthly dividend payment. Modified loan documents reflecting the agreed to accounts will be executed and recorded within sixty (60) days of the Effective Date of the Plan.

### Class 3 Secured Creditors - (Other Cram Down).

Class 3 consists of secured creditors that have been crammed down by Order Granting Motion to Value Pursuant to 11 U.S.C. §506(b) and that will be paid over a thirty (30) year term at 5% interest as set forth in the Disclosure Statement. Modified loan documents reflecting the agreed to accounts will be executed and recorded within sixty (60) days of the Effective Date of the Plan.

### Class 4 - General Unsecured Claims

Class 4 consists of all general unsecured claims who file timely allowed claims and who do not otherwise receive a distribution under one of the classes set forth above. Unsecured creditors will receive a proportional share over a period of 70 months. These claims will begin to receive payment upon the effective date of the Plan.

## TREATMENT SUMMARY:

| Class | Impairment | Treatment |
|---|---|---|
| Class 1<br><br>Priority Claims | Unimpaired | There are no priority claims in this plan. |
| Class 2 A-I<br><br>Secured Creditors (Consensual Cram Down) | Impaired | Each holder of a Class 2 Secured Claim by Consensual Cram Down against the Debtor will receive, on the Plan Distribution Date (unless such holder's claim has been disputed or objected to), 100% of its allowed secured claim payable over 30 years. The regular payments are budgeted in Schedules I and J of the Petition and are not part of the monthly dividend payment |
| Class 3<br><br>Secured Creditors (Other Cram Down) | Impaired | Each holder of a Class 3 Secured Claim by Other Cram Down against the Debtor will receive, on the Plan Distribution Date (unless such holder's claim has been disputed or objected to), 100% of its allowed secured claim payable over 360 months, paid at the amount set forth in the Disclosure Statement. |
| Class 4<br><br>General Unsecured Creditors | Impaired | Each holder of a Class 4 General Unsecured Claim against the Debtor will receive, on the Plan Distribution Date (unless such holder's claim has been disputed or objected to), its Pro Rata Share of 100% of the Monthly Plan Payment, less administrative expenses and priority tax claims, based upon $37,000 paid over 78 months. These claims will begin to receive payment upon the effective date of the Plan. |

## ARTICLE V
## ALLOWANCE AND DISALLOWANCE OF CLAIMS

5.01  Disputed Claim. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtor or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or unliquidated.

5.02  Delay of Distribution on a Disputed Claim. No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.03  Settlement of Disputed Claims. The Debtor will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

## ARTICLE VI
## PROVISIONS FOR EXECUTORY CONTRACTS AND UNEXPIRED LEASES

6.01  Assumed Executory Contracts and Unexpired Leases.

(a)  The Debtor assumes the following executory contracts and/or unexpired leases effective upon the effective date of this Plan as provided in Article VII:

**NONE.**

(b)  The Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed under section 6.01(a) above, or before the date of the order confirming this Plan, upon the date of the entry of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than twenty (20) days after the date of the order confirming this Plan.

## ARTICLE VII
## GENERAL PROVISIONS

7.01   Definitions and Rules of Construction. The definitions and rules of construction set forth in §§101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

7.02   Effective Date of Plan. The effective date of this Plan is the eleventh business day following the date of the entry of the order of confirmation. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.03   Severability. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.04   Binding Effect. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.05   Captions. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.06   Controlling Effect. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Florida govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

## ARTICLE VIII
## DISCHARGE OF DEBTOR

Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in §1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under §523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankrutpcy Procedure.

Respectfully submitted,

**HELENE OLSSON, Debtor-in-Possession**

By: _____
Helene Olsson