

**ORDERED in the Southern District of Florida on April 27, 2011.**

Paul G. Hyman, Chief Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA

In re:

HELENE OLSSON,

Case No. 10-11829-PGH

Chapter 11

_____Debtors_____/

### ORDER CONFIRMING DEBTOR'S AMENDED LIQUIDATING CHAPTER 11 PLAN

WHEREAS, the Debtors, as debtors in possession, and as the "proponents of the plan" within the meaning of Section 1129 of Title 11 of the United States Code, 11 U.S.C. §§101-1532 (the "Bankruptcy Code"), filed the Debtors' Amended Chapter 11 Plan dated December 28, 2010 [DE#154] and the Amended Disclosure Statement for Debtors' Chapter 11 Plan dated December 28, 2010 [DE#155] (the "Disclosure Statement") and

WHEREAS, on January 5, 2011, the Bankruptcy Court entered an order (the "Disclosure Statement Order") [DE#158] which, among other things (a) conditionally approved the Disclosure Statement under Section 1125 of the Bankruptcy Code and Bankruptcy Rule 3017, (b) established March 1, 2011 as the date of the hearing to consider

confirmation of the Plan (the "Confirmation Hearing"), (c) approved the form and method of notice of the Confirmation Hearing (the "Confirmation Hearing Notice"), and (d) established certain procedures for soliciting and tabulating votes with respect to the Plan (the "Solicitation Procedures"); and

WHEREAS, the Debtors filed the Affidavit of Helene Kristina Olsson regarding the tabulation and results of voting with respect to the Debtors' Amended Liquidating Chapter 11 Plan, sworn on February 24, 2011(the "Confirmation Affidavit") [DE#176], attesting to and certifying the method and results of the ballot tabulation for the Classes of Claims entitled to vote to accept or reject the Plan; and

WHEREAS, the Confirmation Hearing Notice, the Disclosure Statement, the Plan, the Disclosure Statement Order, and, for those parties entitled to vote on the Plan, a ballot was transmitted in accordance with the Solicitation Procedures as set forth in the Confirmation Affidavits, and such service is adequate as provided by Bankruptcy Rule 3017(d); and

WHEREAS, objections to the confirmation of the Plan filed by the U.S. Trustee's Office were resolved prior to confirmation; and

WHEREAS, the Confirmation Hearing was held on March 1, 2011.

NOW THEREFORE, based upon (i) the Plan, the Disclosure Statement, the Confirmation Memorandum, and the Confirmation Affidavits; (ii) all of the evidence proffered or adduced at, documents filed in connection with, and arguments of counsel made at, the Confirmation Hearing; and (iii) the entire record of the Debtors' Chapter 11 case; and after due deliberation thereon and good cause appearing therefor:

THE COURT HEREBY FINDS AND DETERMINES THAT:

A.　**Exclusive Jurisdiction; Venue; Core Proceeding**.  On January 27, 2010, a petition for relief under Chapter 11 of the Bankruptcy Code was filed. The Court has jurisdiction over the Debtors' Chapter 11 case pursuant to 28 U.S.C. §§157 and 1334 and reference from the United States District Court for the Southern District of Florida. Venue of the Debtors' Chapter 11 case is proper pursuant to 28 U.S.C. §§1408 and 1409. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L). The Court has exclusive jurisdiction to determine that the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

B.　**Burden of Proof**. The Debtors have met the burden of proving the elements of Sections 1129 (a) of the Bankruptcy Code by a preponderance of evidence.

C.　**Transmittal and Mailing of Materials; Notice**.  The Disclosure Statement, the Plan, the Ballots, the Disclosure Statement Order and the Confirmation Hearing Notice, which were transmitted and served as set forth in the Confirmation Affidavits, were transmitted and served in compliance with the Disclosure Statement Order, the Solicitation Procedures, and in the Bankruptcy Rules and such transmittal and service were adequate and sufficient under the circumstances, and no other or further notice is or shall be required.

D.　**Voting.** Votes to accept and reject the Plan have been solicited and tabulated fairly, in good faith, and in a manner consistent with the Bankruptcy Code, the Bankruptcy Rules and Disclosure Statement Order.

E. **Principal Purpose of the Plan (11 U.S.C. §1129(d))**. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the application of Section 5 of the Securities Act of 1933, as amended.

THE COURT HEREBY ORDERS as follows:

1. **Confirmation**. The Plan, and each of its provisions, shall be, and hereby are, approved and confirmed, provided however, that if there is any direct conflict between the terms of the Plan and the terms of this Confirmation Order, the terms of this Confirmation Order shall control. The failure to specifically include any particular provisions of the Plan in this Confirmation Order shall not diminish or impair the efficacy of such provisions, it being understood that it is the intent of the Court that the Plan be confirmed and approved in its entity.

2. **Conflicts**. In order to clarify certain discrepancies between Debtor's Amended Chapter 11 Plan of Reorganization Dated December 28, 2010 and Debtor's Amended Disclosure Statement for Debtor's Chapter 11 Plan, the following shall govern:

   a. Class 2 - Secured Creditor 2A consists of a secured claim by consensual cram down. The regular payments are budgeted in Schedule J of the Petition and are not part of the monthly dividend payment. Secured Creditor 2A shall be paid the sum of $85,000.00 over 312 months at an interest rate of 5.25% to be paid at $499.93 per month.

   b. Class 2 - Secured Creditor 2E consists of a secured claim by consensual cram down. The regular payments are budgeted in Schedule J of the Petition and are not part of the monthly dividend payment. Secured Creditor 2E shall be paid the sum of $120,000.00 over 300 months at an interest rate of 5.25% to be paid at $719.10 per

month.

        c.      Class 2 - Secured Creditor 2H consists of a secured claim by consensual cram down.  The regular payments are budgeted in Schedule J of the Petition and are not part of the monthly dividend payment.  Secured Creditor 2H shall be paid the sum of $95,000.00 over 312 months at an interest rate of 5.25% to be paid at $558.74 per month.

        3.      **Discharge**. Confirmation of this Plan does not discharge any debt provided for in this Plan until the court grants a discharge on completion of all payments under this Plan, or as otherwise provided in § 1141(d)(5) of the Code. The Debtor will not be discharged from any debt excepted from discharge under §523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

        4.      **Binding Effect**. The Plan and its provisions shall be binding upon the Debtors, any entity acquiring or receiving property or a distribution under the Plan, and any holder of a Claim against or interest in the Debtors, including any governmental entities, whether or not the Claim or Interest of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan.

        5.      **General Authorizations**. The Debtors are authorized to execute, deliver, file or record such contracts, instruments, releases and other agreements and documents and take such actions as may be necessary or appropriate to effectuate, implement, and further evidence the terms and conditions of the Plan.  The Debtors and their attorneys are authorized and empowered to issue, execute, deliver, file or record any agreement or document and to take any action necessary or appropriate to implement, effectuate and consummate the Plan in accordance with its terms or take any or all actions authorized to

be taken pursuant to the Plan whether or not specifically referred to in the Plan without further order of the Court.

6. **Securities Laws Exemption.**  The beneficial interests of the rights of holders of Allowed Claims to receive distributions under the Plan are exempt from the provisions of Section 5 of the Securities Act of 1933, as amended, and any state or local law requiring registration for the offer, issuance, distribution, or sale of a security by reason of section 1145(a) of the Bankruptcy Code.

7. **Governmental Approvals Not Required**. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules or regulations of any state or any other governmental authority with respect to the implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments or agreements and any amendments or modifications thereto.

8. **Notice of Entry of Confirmation Order**.   On or before the tenth business day following the date of entry of this Confirmation Order, the Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k) and 3020(c) on all creditors and record interest holders, the United States Trustee and all other parties in interest, by causing notice of entry of the Confirmation Order to be delivered to such parties by first class mail, postage prepaid.

9. **Notice of Effective Date**. Within five business days following the occurrence of the Effective Date, the Debtors shall file  the notice of the occurrence of the Effective

Date and shall serve a copy of the same on all creditors and record interest holders, the U.S. Trustee and all other parties in interest.

10. **Disbursing Agent**. Aaron A. Wernick, Esq. is named as the initial disbursing agent. The initial disbursing agent is directed to make the first installment payment on the effective date of the Plan. The Reorganized Debtor shall make all subsequent installment payments.

11. **Post-Confirmation Status Conference**. A post-confirmation status conference shall be held on August 22, 2011 at 9:30 a.m. at the United States Bankruptcy Court, 1515 N Flagler Drive, Suite 801, Courtroom A, West Palm Beach, FL 33401.

###

Submitted by:
Aaron A. Wernick, Esq.
Shapiro, Blasi, Wasserman & Gora, P.A.
7777 Glades Road, Suite 400
Boca Raton, FL 33434
(561) 477-7800 (telephone)
(561) 477-7722 (facsimile)

*The party submitting this order shall serve a copy of the signed order on all parties listed below and file with the court a certificate of service conforming with Local Rule 2002-1(F).*